NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CITY CENTER EXECUTIVE PLAZA, L.L.C.; INFORMATION
SOLUTIONS, INC.; JERRY and CINDY ALDRIDGE, *Petitioners*,

*v.*

THE HONORABLE LEE F. JANTZEN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MOHAVE,
*Respondent Judge*,

BRIAN THIENES, an individual; JOHN BALL and MONICA BALL,
husband and wife; THE THOMPSON FAMILY TRUST; JUAN
BRACAMONTE and JACQUELINE BRACAMONTE, husband and wife;
THE REFUGE COMMUNITY ASSOCIATION, INC.,
*Real Parties in Interest*.

No. 1 CA-SA 14-0090
FILED 06-05-2014

Petition for Special Action from the Superior Court in Mohave County
No. S8015CV2011001563
The Honorable Lee F. Jantzen, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART**

COUNSEL

Perkins Coie LLP, Phoenix
By Daniel C. Barr, John H. Gray, Joshua M. Crum, Alexander W. Samuels
*Counsel for Petitioners*

Beus Gilbert PLLC, Phoenix
By Franklyn D. Jeans, Cory L. Broadbent, Lyn Anne Bailey
*Counsel for Real Parties in Interest Thienes, Ball, Thompson Family Trust and Bracamonte*

Ekmark & Ekmark, L.L.C., Scottsdale
By Penny L. Koepke, Nicole A. Miller, Solomon S. Krotzer
*Counsel for Real Party in Interest The Refuge Community Association, Inc.*

---

## DECISION ORDER

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1        This special action involves a challenge to the superior court's determination of the amount of a supersedeas bond.  The underlying litigation arises out of a dispute relating to redevelopment of a golf course, which involved in part the reduction of the size of the golf course to accommodate an RV park.  A homeowner's association and several neighboring property owners who opposed the redevelopment ("Plaintiffs") filed a lawsuit against the golf course owners ("City Center") seeking injunctive relief and damages.

¶2        A jury awarded $1.00 in damages to Plaintiffs and recommended granting injunctive relief.  In December 2013, the superior court entered judgment permanently enjoining City Center from using the golf course for anything other than golf activities, which does not include an RV park.  The judgment did not resolve the parties' requests for attorneys' fees and costs.  City Center filed an appeal from the injunction order.  *See* 1 CA-CV 14-0077 ("Injunction Appeal").[1]

---

[1]      In the superior court, City Center filed a motion to stay enforcement of the injunction pending the outcome of the Injunction Appeal  as well as a subsequent motion for a hearing to set a supersedeas bond of $1.00.  The superior court denied the motion to stay, as did this court and the supreme court.  However, it is unclear if any issues remain

2

¶3 In March 2014, the superior court awarded attorneys' fees and costs to Plaintiffs and entered two separate judgments that totaled $2,390,296.87. City Center appealed from those judgments. *See* 1 CA-CV 14-0264 ("Fees Appeal").

¶4 City Center moved to stay the judgments pending the outcome of their Fees Appeal and asked the superior court to set the supersedeas bond at $1.00, the amount of damages City Center alleged were awarded to Plaintiffs under Arizona Rule of Civil Appellate Procedure ("ARCAP") 7. Plaintiffs countered that the bond amount be set at the full amount of the judgment ($2,390,296.87), asserting that the term "damages" under ARCAP 7 is synonymous with "judgment." Plaintiffs also argued the full judgment amount was justified because under ARCAP 7(A)(2) City Center had intentionally dissipated assets outside the ordinary course of business to avoid payment of the judgment. In support, Plaintiffs attached documentation indicating that City Center executed several deeds of trust against the golf course and other properties after the jury verdict had been entered.

¶5 The superior court summarily set the supersedeas bond at the full amount of attorney's fees and costs ($2,390,296.87). The court did not specifically address City Center's argument that the only "damages" Plaintiffs obtained was $1 nor did the court address Plaintiffs' argument that City Center had dissipated assets.

¶6 City Center then filed this special action, arguing the superior court erred by including attorneys' fees in the calculation of the supersedeas bond because the court's ruling conflicts with Arizona Revised Statutes ("A.R.S.") section 12-2108 and ARCAP 7. City Center also requested a stay pending the outcome of this special action, which was granted following a telephonic hearing.

¶7 Special action jurisdiction is proper when a party has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). A party challenging the setting of a supersedeas bond does not have such a remedy on appeal and therefore special action jurisdiction may be appropriate. *See Salt River Sand & Rock Co. v. Dunevant*, 222 Ariz.

as to whether the injunction may be suspended in the Injunction Appeal, as the record before us does not indicate that the superior court has issued a ruling on City Center's motion to set a supersedeas bond.

102, 105–06, ¶ 7, 213 P.3d 251, 254–55 (App. 2009). In the exercise of our discretion, we accept jurisdiction over this special action.

**¶8** Section 12-2108 was adopted by the legislature in 2011, and similar language was added to ARCAP 7, effective January 1, 2012. Prior to those changes, establishment of a bond amount was determined by court rules and the common law.

**¶9** Current ARCAP 7 (and § 12-2108) sets forth a three-part analysis to determine the amount of a supersedeas bond:

> The amount of the bond shall be set as the lesser of the following:
>
> (A) The total amount of damages awarded, excluding punitive damages;
>
> (B) Fifty per cent of the appellant's net worth;
>
> (C) Twenty-five million dollars.

However, both ARCAP 7 and § 12-2108 permit the court to deviate from the presumed amounts if either of the following circumstances are present:

> Notwithstanding the foregoing, the court may require an appellant to post a bond in an amount up to the full amount of the judgment if an appellee proves by clear and convincing evidence that the appellant is intentionally dissipating assets outside the ordinary course of business to avoid payment of a judgment.
>
> The trial court may also lower the bond amount to an amount that will not cause an appellant substantial economic harm if the appellant proves by clear and convincing evidence that the appellant is likely to suffer substantial economic harm if required to post a bond in the amount set pursuant to the provisions of (A), (B), or (C) above. In determining the amount of the bond, the court may consider whether there is other security for the judgment, or whether there is property in controversy which is in the custody of the sheriff or the court.

ARCAP 7; *see also* A.R.S. § 12-2108 (B), (C). As they did in the superior court, Plaintiffs argue there has been a dissipation of assets by City Center. Conversely, City Center claims it will be financially harmed if it is required to post the full amount of the current bond.

¶10 Under the new statute and rule, a court must consider, first, the "total amount of damages awarded," in accordance with § 12-2108(A)(1) and Rule 7(a)(2)(A), and then determine whether a upward or downward deviation from that amount is appropriate. On this sparse record, we find that these matters must be addressed by the superior court in the first instance. *See* ARCAP 7(c) (holding that "[t]he provisions of Rule 7 do not limit any power of the appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal, or to suspend, modify, restore, or grant an injunction during the pendency of an appeal, or to make any order appropriate to preserve the status quo or the effectiveness of the decision subsequently to be entered."); *see also* ARCAP 9.1 ("The appellate court may, upon its own initiative or upon stipulation or motion for good cause shown, suspend the appeal and revest jurisdiction in the superior court for the purpose of allowing it to consider and determine specified matters."). As such, we note that the superior court failed to conduct a hearing as originally required under Rule 7. *See* ARCAP 7(a)(1) (stating that a hearing on a motion to stay to determine that amount of the bond "***shall be held forthwith***") (emphasis added). We recognize that nothing in this special action record indicates that any of the parties requested a hearing in the superior court. However, because we are unable to determine whether the superior court applied the appropriate legal analysis under § 12-2108 and Rule 7(a)(2), and given the factual allegations raised regarding dissipation of assets, a hearing is necessary to resolve these issues.

¶11 Additionally, nothing in the record explains the superior court's justification for its decision to set the bond amount equal to the full amount of the judgment. Although City Center requests that we interpret § 12-2108 and decide whether "damages" is synonymous with "judgment," consistent with ARCAP 7(c), we decline to do so, particularly when none of the parties cited the statute in their arguments below and thus did not provide any of the statutory construction analysis to the superior court that has been asserted in this special action.

¶12 **IT IS ORDERED** accepting jurisdiction of City Center's petition for special action.

**¶13**          **IT IS FURTHER ORDERED** vacating the superior court's April 17 order setting a supersedeas bond in the amount of $2,390,296.87.

**¶14**          **IT IS FURTHER ORDERED** directing the superior court to conduct a hearing to determine an appropriate amount of the supersedeas bond consistent with A.R.S. § 12-2108(A)(1) and ARCAP 7.[2]

**¶15**          **IT IS FURTHER ORDERED** that the superior court shall make findings supporting its determination of the bond amount(s).

**¶16**          **IT IS FURTHER ORDERED** vacating as moot the stay previously entered by this court on May 14, 2014.

**¶17**          **IT IS FURTHER ORDERED** denying all requests for attorneys' fees and costs relating to this special action.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[2]      To the extent that City Center's request for a bond amount for the Injunction Appeal remains unresolved, if that request involves overlapping issues with the supersedeas bond at issue here, we urge the court to simultaneously consider the amount of the bond required to suspend the injunction pending appeal under Arizona Rule of Civil Procedure 62(c), A.R.S. § 12-2108(A)(1), and ARCAP 7.